IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RODERICK EARSEL WEBSTER,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Petitioner,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　CIV-12-1357-F
v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
JUSTIN JONES, Director,　　　　 )
　　　　　　　　　　　　　　　　)
　　　　　　Respondent.　　　　　)

SECOND SUPPLEMENTAL REPORT  AND  RECOMMENDATION

On December 6, 2012, Petitioner, a state prisoner appearing *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).  Because of deficiencies in the Petition and Petitioner's failure to pay the filing fee or request leave to proceed *in forma pauperis*, the undersigned recommended dismissal of the Petition in a Report and Recommendation. Report and Recommendation (Doc. # 5).  Petitioner subsequently paid the filing fee and submitted a signed Petition. (Docs. # 6, 10).  Because Petitioner had cured the deficiencies identified in the Report and Recommendation, the matter was re-referred to the undersigned under 28 U.S.C. §636(b)(1)(B). Order (Doc. # 11).

In lieu of a response, Respondent moved to dismiss the Petition on the ground that it was not timely filed pursuant to 28 U.S.C. § 2244(d), and Petitioner filed a response to the

Motion to Dismiss. (Docs. # 14, 15, 17). In a Supplemental Report and Recommendation, the undersigned recommended that Respondent's Motion be granted and that the Petition be dismissed as untimely. Supplemental Report and Recommendation (Doc. # 18).

In a letter filed March 28, 2013, Petitioner objected to the Supplemental Report and Recommendation. By Order entered April 16, 2013, District Judge Friot has directed the undersigned to consider the newly-submitted evidence attached to Petitioner's objection and the arguments presented in Petitioner's objection to the Supplemental Report and Recommendation

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, state prisoners have one year from the date their state conviction becomes "final" to file a 28 U.S.C. § 2254 habeas petition. 28 U.S.C. §2244(d)(1). In the Supplemental Report and Recommendation, the undersigned found that Petitioner's one-year limitations period governing the filing of a federal habeas petition expired on July 12, 2012, and that Petitioner did not file a state post-conviction application during the limitations period sufficient to toll the running of the limitations period under 28 U.S.C. § 2244(d)(2). Although the limitations period may also be equitably tolled in extraordinary circumstances so long as the petitioner has diligently pursued his federal claims, Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010), the undersigned found that equitable tolling was not warranted as a result of Petitioner's contentions that he had been constantly locked down or locked down "for weeks at a time" at the Davis Correctional Facility where he was incarcerated during the relevant limitations period. Petitioner further contended, *inter alia*,

that equitable tolling was warranted because he had requested legal assistance during the limitations period but his requests were not answered.  Based on the affidavit of DCF Grievance Coordinator Mr. Underwood, who averred that DCF records reflected Petitioner did not inform his unit team of a court-imposed or other legal deadline or file a grievance concerning a pending legal deadline or a need for legal assistance during the time period that he was confined in a maximum security unit at DCF from November 17, 2009 until September 17, 2012, the undersigned found that equitable tolling of the limitations period was not warranted.

With his objection to the Supplemental Report and Recommendation, Petitioner has provided a copy of a Request to Staff dated July 29, 2011, in which Petitioner requested legal forms for a federal habeas proceeding.  A DCF staff member responded to the Request to Staff on September 1, 2011, with a "list of available forms," and a separate page attached to the response lists several forms, including a writ of 28 U.S.C. § 2254 habeas corpus form for each of the three federal district courts in Oklahoma.  Objection (Doc. # 19), att. 1.  Even if it is assumed that this Request to Staff is a request for legal assistance in pursuing a federal habeas action within the limitations period, and that this request for legal assistance tolled the running of the limitations period until September 1, 2011, the limitations period expired on September 1, 2012.  Petitioner did not file the instant Petition until December 6, 2012, well after the extended limitations period expired.

Moreover, Petitioner did not diligently pursue his federal habeas action because he does not allege or show that he requested and was denied the proper forms for filing his

federal habeas action or that he requested and was denied legal assistance during the relevant limitations period.  Rather, Petitioner contends in his objection that his confinement in a maximum security unit alone should toll the running of the limitations period until the date his Petition was filed.  However, without additional facts showing active obstruction by prison officials or other circumstances that prevented him from timely filing, Petitioner's allegations do not amount to an extraordinary circumstance that warrants equitable tolling. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(one-year limitations period may be equitably tolled, for instance, when an adversary's conduct, or other uncontrollable circumstances, prevents timely filing).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 14) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as untimely.  The parties are advised of their respective right to file an objection to this Second Supplemental Report and Recommendation with the Clerk of this Court by _____May 8th___, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Second Supplemental Report and Recommendation would waive appellate review of the recommended ruling.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

4

This Second Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ____18th____ day of ____April____, 2013.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE